IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN FLEMING | ) | CASE NO. 1:09CV1950 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| WARDEN GANSHEIMER, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Franklin Fleming, an inmate incarcerated at the Lake Erie Correctional Institution, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Warden Gansheimer, Health Care Administrator Linda Gillespie ("Gillespie"), and Chief Medical Officer Doctor Keaton ("Keaton"). Plaintiff alleges he contracted a Staph infection during an outbreak at the prison because the institution did not stop it from spreading. Warden Gansheimer is allegedly responsible for the inmates health and safety issues at the prison. Gillespie is allegedly responsible for daily health care. However, Plaintiff asserts that Keaton has the most responsibility. He further states that the disease spread because the staff refused to spray the exercise equipment. Plaintiff demands punitive damages from Lake Erie Correctional Institution and an order requiring Lake Erie Correctional Institution to send him to a specialist to treat his skin disorder that he acquired from the Staph infection. Lake Erie Correctional Institution has not been named as a party defendant. No damages or actions are requested of the named Defendants.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167  * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or simple awareness of employees' misconduct). Because proof of personal involvement is required, liability cannot be imposed under *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

The alleged conduct by Warden Gansheimer amounts to supervisory responsibility. There is no allegation that Warden Gansheimer directly participates in health care at the prison. There is no indication in the complaint that he implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct, i.e., failure of the staff to spray the exercise equipment  to avoid the spread of Staph infection. Thus, Warden Gansheimer is dismissed as a party defendant.

Plaintiff alleges that Gillespie and Keaton are responsible for the spread of the Staph infection. However, the alleged cause of the spread of the disease is the failure of the staff to spray the exercise equipment. There is nothing in the complaint showing how Gillespie and Keaton would

be involved with inmates' exercise. However, the Court notes that making sure that diseases are not spread throughout the prison may be their responsibility.

The Plaintiff does not affirmatively state in which capacity he brings suit against the Defendants. They may possibly be sued in their official or individual capacities or both. The Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009); *Eagle v. Marriott*, 2009 WL 801734 * 2 (E.D. Mich., Mar. 25, 2009). A prisoner's civil rights damages claims against prison staff are actually against the state. *Ruiz v. Hofbauer*, 325 Fed. Appx. 427, 430 (6th Cir. 2009). Therefore, the Defendants cannot be sued for damages in their official capacity.

The Court must now look at the pleading to determine if there is sufficient indication that Defendants may be individually liable. In order for a suit brought against a government official to be considered as seeking damages against the defendant in his or her individual capacity, the pleading must clearly and definitely set forth a claim for individual liability. *Fitten v. Chattanooga Police Dept.*, 2008 WL 161003 * 3 (E.D. Tenn., Jan 15, 2008) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995);*Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). Generally, absent any express indication that the defendant is being sued in his or her individual capacity, the court must assume he or she is being sued only in his or her official capacity as an employee of the governmental entity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991). Failure of the plaintiff to explicitly state whether a defendant is sued in his or her individual capacity is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he or she is being sued as an individual.

Prison officials must supply an inmate's basic needs, including reasonable sanitation, as feasible. *Walker v. Mintzes,* 771 F.2d 920, 926 (6th Cir.1985); *Hall v. Jarrigan*, 2008 WL 5377893 * 4 -5 (E.D. Tenn., Dec. 18, 2008). In *Coulter v. Freeman*, 2008 WL 1882812 * 2 (N.D. Ind., Apr. 23, 2008), the court held that defendants created or tolerated conditions of confinement that encouraged the spread of Staph infection, and that plaintiff contracted the disease after he arrived at the jail. It was a reasonable inference that the defendants' deliberate indifference to conditions at the jail caused him to contract Staph infection. In the present case there is no demand for damages or any other relief from Gillespie or Keaton. In fact, Plaintiff demands relief from Lake Erie Correctional Institution. The Court concludes that Gillespie and Keaton did not have sufficient notice that they are being sued in their individual capacity.

Plaintiff wants to be referred to a specialist to treat his skin disorder that he acquired from the Staph infection. Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Bowman, v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). He must

also must show "that the prison official possessed a 'sufficiently culpable state of mind....' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer,* 511 U.S. at 834-35).

Prisoners are not entitled to the best care possible. *Tucker v. Ganshimer*, 2008 WL 4452722, * 7 (N.D. Ohio, Sep. 30, 2008) (citing *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997)).  A skin disorder, without more, does not amount to a sufficiently serious medical need such that he is incarcerated under conditions posing a substantial risk of serious harm. Prison officials may be negligent in not allowing treatment, but such conduct does not constitute a violation of the Eighth Amendment right against cruel and unusual punishment. Therefore, the Court will not issue an order requiring Lake Erie Correctional Institution to send Plaintiff to a skin specialist for treatment.

The only issue remaining in this case is the demand for punitive damages against nonparty Lake Erie Correctional Institution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has long held that the Eleventh Amendment bars suits by citizens of the state being sued as well as those filed by citizens of other states. *See Hans v. Louisiana,* 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.,* 483 U.S. 468, 472-73 (1987) (plurality opinion); *Cox v. Jackson*, 579 F.Supp.2d 831, 843 (E.D. Mich., 2008).

Accordingly, for the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.

    IT IS SO ORDERED.


Dated: 12/4/09                                          /s/ Patricia A. Gaughan
                                                                   PATRICIA A. GAUGHAN
                                                                   UNITED STATES DISTRICT JUDGE